## CONNECTICUT & P. R. R. Co. *v.* HENDEE, Receiver, etc.

*(Circuit Court, D. Vermont. May 25, 1886.)*

EQUITY—ORIGINAL BILL—DISMISSAL BY PLAINTIFF—COSTS.

A complainant in an original bill has, as a general rule, the right to dismiss his bill upon payment of costs, provided no decree has been made by which the defendant's rights have been adjudicated.

In Equity.

*Edwards, Dickerman & Young,* for orator.

*George W. Hendee* and *Albert P. Cross,* for defendant.

WHEELER, J. This cause is at issue on bill, answer, and replication. The defendant has taken and filed testimony; the orator has not. There has been no hearing, and the cause has not been set down for hearing, nor ready to be so set down. The orator claims the right to discontinue the suit on payment of costs to the defendant, and asks leave to enter such discontinuance. In *Chicago & A. R. Co.* v. *Union Rolling-mill Co.,* 109 U. S. 702, S. C. 3 Sup. Ct. Rep. 594, it is said by Mr. Justice WOODS, in the opinion of the court, that, "as a general rule, a complainant in an original bill has the right at any time, upon payment of costs, to dismiss his bill;" but "subject to a' distinct and well-settled exception, namely, that after a decree, whether final or interlocutory, has been made, by which the rights of a party defendant have been adjudicated, or such proceedings have been taken as entitle the defendant to a decree, the complainant will not be allowed to dismiss his bill without the consent of the defendant." This case falls within the general rule stated, and not within the exception, and the orator appears to be entitled to have the leave granted. *Carrington* v. *Holly,* 1 Dick. 280.

Leave to enter discontinuance on payment of costs granted.